Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Arizona State Bar No. 007356
Telephone: (602) 264-4965
Facsimile: (602) 277-0144
E-mail: michael@mcarmellaw.com

Counsel to Debtor and Debtor-In-Possession

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re | Chapter 11 |
|---|---|
| | Case No. 2:97-bk-10778-CGC |
| GOSNELL DEVELOPMENT CORPORATION OF ARIZONA,<br><br>Debtor. | **MOTION FOR AN ADMINISTRATIVE ORDER UNDER 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**<br><br>Date of Hearing: tbd<br>Time of Hearing: tbd |

Gosnell Development Corporation of Arizona ("Debtor") hereby files this Motion for interim and final **orders under 11 U.S.C. §§ 105(a) and 331, establishing procedures for interim compensation and reimbursement of expenses for certain professionals retained in this case**.

> The relief requested in this Motion would **establish procedures for the interim compensation and reimbursement of expenses for professionals retained in this case**. The basis for the relief requested in this Motion is set forth in paragraphs 6 through 9 below.

This Motion is supported by the entire record before the Court, and by the following memorandum of points and authorities.

## BACKGROUND

**Jurisdiction and Venue**

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101-1532 (the "**Bankruptcy Code**") in August 1997 (the "**Petition Date**"). The Debtor continues to operate its business and possess its property as a debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

2. This Court has jurisdiction over these Chapter 11 proceedings under 28 U.S.C. §§ 157 and 1334. These matters constitute core proceedings under 28 U.S.C. § 157(b)(2).

3. Venue of all of the Debtor's Chapter 11 proceedings is proper in this District under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested in this Motion are Bankruptcy Code §§ 105(a) and 331, and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## RELIEF REQUESTED

5. By this Motion, the Debtor requests the entry of an order authorizing and establishing procedures for the compensation and reimbursement of the law firms Vivoli & Associates, R. Anthony Mahavier, A.P.L.C., and Gordon & Rees LLP, all of whom have been recently appointed professionals for the Debtor (collectively, the "**California Professionals**") on a monthly basis, on terms comparable to those procedures established in other Chapter 11 cases filed in this and other Districts. Such an order will streamline the professional compensation process and enable the Court and all other parties to monitor the professional fees incurred in these Chapter 11 cases more effectively.

## BASIS FOR RELIEF

6.  The procedures requested in this Motion will permit the **California Professionals** subject to these procedures to present to the Debtor and its counsel, the United States Trustee, and any party in interest directed by the Court with a detailed statement of services rendered and expenses incurred by the **California Professionals** for the prior month. If there is no timely objection, the Debtor proposes to pay 80% of the amount of fees and 100% of the amount of expenses incurred for the month. These payments will be subject to the Court's subsequent approval as part of the normal interim fee application process approximately every 90 days and in any event subject to Bankruptcy Code § 331.

7.  Specifically, the Debtor proposes that the monthly payment of compensation and reimbursement of expenses of the **California Professionals** be structured as follows:

   a.  On or before the last day of every month following the month for which compensation is sought (the "**Monthly Statement Date**"), each **California Professional** will submit a monthly billing statement describing the services provided and the fees and expenses incurred (the "**Monthly Statement**") during the prior month (the "**Compensation Period**") to: (i) the Debtor; (ii) Debtor's counsel; (iii) any party directed by the Court, and (iv) the United States Trustee. Each entity receiving such a Monthly Statement will have 20 days after the Monthly Statement Date to review the Monthly Statement. The first Monthly Statement must be submitted and served by each of the **California Professionals** by April 30, 2009, and will cover the period from December 1, 2008 through March 31, 2009.

   b.  At the expiration of the 20-day period, the Debtor will promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in such Monthly Statement, except such fees or expenses as to which an objection has been served as provided in paragraph (c) below. Any **California Professional** who fails to submit a Monthly Statement will be ineligible to receive further payments of fees and expenses as provided herein until such time as the Monthly Statement is submitted.

   c.  If the Debtor, the United States Trustee, or any party directed by the Court has an objection to the compensation or reimbursement sought in a particular Monthly Statement, such party must, within 20 days of the Monthly Statement Date, serve the respective **California Professional** and any other party designated to receive Monthly Statements, a written "Notice of Objection to Fee Statement" setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the **California Professional** whose Monthly Statement is

objected to must attempt to reach an agreement regarding the correct payment to be made. If the parties are unable to reach an agreement on the objection within 20 days after receipt of such objection, the objecting party must within 3 business days file their objection with the Court and serve such objection on the respective **California Professional** and any other party designated to receive Monthly Statements listed above and the Court will consider and dispose of the objection. If the objecting party fails to timely file its objection with the Court, the Debtor will promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the previously disputed Monthly Statement and the objecting party will be deemed to have waived their right to object. In addition, the Debtor will be required to pay promptly those fees and expenses that are not the subject of a Notice of Objection to Fee Statement without further action of the Court.

d. Every 120 days, each of the **California Professionals** must file with the Court and serve on the parties designated to receive Monthly Statements, an application for interim Court approval and allowance of compensation under Bankruptcy Code § 331 (the "**Interim Fee Applications**"). The first application must be filed on or before April 30, 2009 and will cover the period from December 1, 2008 through March 31, 2009.

e. Any objections to Interim Fee Applications must be filed with the Court and served upon the affected **California Professional**, and any other party designated to receive Monthly Statements, no later than 20 days after the date of service. If an objection is timely filed, served, and received and such objection is not otherwise resolved, or the Court otherwise determines that a hearing should be held regarding an Interim Fee Application, either the Court or the fee applicant may file a motion requesting a hearing on the objection to such Interim Fee Application (the "**Interim Compensation Hearing**"). Notice of the Interim Compensation Hearing must be served on the affected **California Professional** and any other party designated to receive Monthly Statements.

f. The pendency of an Interim Fee Application and the pendency of any Notice of Objection to Fee Statement or other objection will not disqualify the **California Professional** from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, compensation and reimbursement as provided in these procedures, shall bind any party in interest or this Court with respect to any Monthly Statement or the final allowance of compensation and reimbursement of **California Professionals** in accordance with the foregoing procedures.

g. For those **California Professionals** who received a pre-petition retainer, such retainer would constitute an advance security retainer that will be applied against future fees and expenses as approved by this Court.

## APPLICABLE AUTHORITY

8. Bankruptcy Code § 105(a) provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code § 331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

9. The Debtor requests that a procedure of compensating and reimbursing the **California Professionals** on a monthly basis be established, comparable to those established in other large Chapter 11 cases. *See, e.g., In re Knudsen*, 84 B.R. 668 (B.A.P. 9th Cir. 1988). In this way, the Court and all other parties can effectively monitor the fees incurred. The procedure requested would require interim fee applications to be filed every 90 days, but would allow payment on a monthly basis on monthly billing statements to be provided to, and reviewed by, the Debtor and other designated parties.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached: (a) authorizing and establishing procedures for the compensation and reimbursement of court-approved **California Professionals** on a monthly basis as set forth above; and (b) granting such other relief as is just and proper.

/ / /

/ / /

/ / /

Dated this 26th day of March 2009

                                          **MICHAEL W. CARMEL, LTD.**

                                          */s/ Carmel, M.W.  (007356)*
                                          Michael W. Carmel
                                          80 East Columbus Avenue
                                          Phoenix, Arizona 85012-2334
                                          Counsel for Debtor and Debtor-in-Possession

COPY of the foregoing mailed on

March 26, 2009 to:

Office of the U.S. Trustee
230 N. First Avenue
Suite 204
Phoenix, Arizona  85003-1706

/s/ Nancy G. Forty